FILED
2012 Jan-24  PM 03:43
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JESSICA LEE WALLACE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 2:11-CV-2723-VEH** |
| | ) |
| **ERIC H. HOLDER, JR., in his** | ) |
| **Official Capacity as Attorney** | ) |
| **General of the United States** | ) |
| **Department of Justice, (Federal** | ) |
| **Bureau of Investigation), Agency,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Plaintiff Jessica Lee Wallace ("Ms. Wallace") initiated this job discrimination case arising under Title VII of the Civil Rights Act of 1964 against Defendant Eric H. Holder, Jr., in his official capacity as the Attorney General of the United States Department of Justice, (the "Attorney General") on July 29, 2011. (Doc. 1). Pending before the court is Ms. Wallace's Motion for Order To Preserve Evidentiary Material (Doc. 9) (the "Motion To Preserve") filed on January 12, 2012.  The Motion To Preserve seeks "to preserve [certain] evidence and immediately make available Lorenza A. Moore ["Mr. Moore"] . . . for deposition prior to retirement." (*Id.* at 1).

Also pending is the Attorney General's Motion for Protective Order (the "Protective Motion"), which was filed, on January 19, 2012, as part of the response to Ms. Wallace's Motion To Preserve. (Doc. 10). In the Protective Motion, the Attorney General seeks to limit the scope of Mr. Moore's deposition (if the court permits it to proceed prior to his retirement) "to information specific to this Plaintiff, this Plaintiff's administrative EEO proceeding, and/or the physical fitness test that was the subject of this Plaintiff's administrative complaint." (Doc. 10 at 14). Ms. Wallace filed a reply (Doc. 11) to the Protective Motion on January 23, 2012.

For the reasons explained below, the Motion to Preserve is **GRANTED**, as modified herein, and the Protective Motion is **DENIED**.

## II.     Standards

### A.     Discovery Orders Generally

Regarding discovery rulings:

> A district court has wide discretion in discovery matters and our review is "accordingly deferential." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). A court abuses its discretion if it makes a "clear error of judgment" or applies an incorrect legal standard. *Carpenter v. Mohawk Indus., Inc.*, 541 F.3d 1048, 1055 (11th Cir. 2008) (per curiam). Moreover, a district court's denial of additional discovery must result in substantial harm to a party's case in order to establish an abuse of discretion. *See Leigh v. Warner Brothers, Inc.*, 212 F.3d 1210, 1219 (11th Cir. 2000).

*Bradley v. King*, 556 F.3d 1225, 1229 (11th Cir. 2009); *accord Iraola & CIA, S.A. v.*

*Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003) ("Moreover, we will not overturn discovery rulings 'unless it is shown that the District Court's ruling resulted in substantial harm to the appellant's case.'" (citation omitted)).

### B. Rule 26 Protective Orders Specifically

> Federal Rule of Civil Procedure 26(c) specifically provides that a party may file a motion for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). The district court may issue a protective order if "good cause" is shown, and such an order "is not subjected to heightened scrutiny." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987); *see also* Fed. R. Civ. P. 26(c). <u>The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements</u>." *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). In addition to requiring good cause, the district court must "<u>balance the interests</u> of those requesting the order." *McCarthy*, 876 F.2d at 91.

*Ekokotu v. Fed. Express Corp.*, 408 Fed. App'x 331, 335-36 (11th Cir. 2001) (emphasis added) (footnote omitted).

### III. Analysis

Neither party has provided this court with any on-point persuasive (much less controlling) authority that supports their respective positions. Under such circumstances, this court is not obligated to address either side's perfunctory and underdeveloped arguments. *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242

F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

Against this backdrop, and balancing the competing interests, the court makes the following rulings.

### A. Motion to Preserve

To the extent that Ms. Wallace seeks to depose Mr. Moore before his retirement, the Motion to Preserve is **GRANTED**. Additionally, if the parties are unable to agree to a date and time for Mr. Moore's deposition, then such deposition is **HEREBY ORDERED** to take place in the court's jury room (next to Courtroom 6A) in the Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, Alabama, beginning at 9:00 a.m. on January 27, 2012.

To the extent that Ms. Wallace seeks to preserve certain categories of information from possible destruction, she has adequately articulated why an order of preservation is called for in this instance. Additionally, the Attorney General does not contend (much less demonstrate) that the entry of such an order would be an abuse of discretion under the circumstances of Mr. Moore's alleged mishandling of

administrative complaints brought against the FBI in his role as an EEO counselor. Accordingly, that portion of the Motion to Preserve, as modified by Ms. Wallace's reply,[1] is also **GRANTED**, and the Attorney General is **HEREBY ORDERED** to file with the Clerk of the Court, under seal, no later January 31, 2012, the following items for the time period from January 1, 2007, through April 30, 2009:

1) All notes, emails, text messages, files, folders and other records (whether stored as hard copies or electronically) between Mr. Moore and Special Agent in Charge ("SAC") Carmen S. Adams;

2) All notes, emails, text messages, files, folders and other records (whether stored as hard copies or electronically) between Mr. Moore and Assistant Special Agent in Charge ("ASAC") Charles E. Regan;

3) All notes, emails, text messages, files, folders and other records (whether stored as hard copies or electronically) between Mr. Moore and ASAC Robert E. Haley;

4) All notes, emails, text messages, files, folders and other records (whether stored as hard copies or electronically) between Mr. Moore and FBI Headquarters EEO Unit Chief Richard Davidson;

5) All notes, emails, text messages, files, folders and other records (whether

---

[1] (*See* Doc. 11 at 2-3 (clarifying scope of discovery to be preserved)).

stored as hard copies or electronically) between Mr. Moore and FBI Headquarters EEO Supervisor Barry Ward;

6) All notes, emails, text messages, files, folders and other records (whether stored as hard copies or electronically) between Mr. Moore and FBI Headquarters EEO Supervisor Tanya Odom;

7) All notes, emails, text messages, files, folders and other records (whether stored as hard copies or electronically) between Mr. Moore and FBI Headquarters EEO Officer Veronica Venture;

8) All notes, emails, text messages, files, folders and other records (whether stored as hard copies or electronically) between Mr. Moore and SAC Executive Assistant Tammy A. Mathis;

9) All notes, emails, text messages, files, folders and other records (whether stored as hard copies or electronically) between Mr. Moore and former ASAC D. Keith Bryars;

10) All notes, emails, text messages, files, folders and other records (whether stored as hard copies or electronically) between Mr. Moore and former Supervisory Special Agent Robert Lasky;

11) All notes, emails, text messages, files, folders and other records (whether stored as hard copies or electronically) between Mr. Moore and any past or current

employee in the Gadsden, Alabama Resident Agency of the FBI;

12) All notes, emails, text messages, files, folders and other records (whether stored as hard copies or electronically) from anyone within the any FBI Headquarters EEO Unit, Inspection Division, Internal Investigation Section, Office of Professional Responsibility, and all individuals noted above regarding reports of improper handling of the Birmingham, Alabama FBI EEO program and Mr. Moore's removal as an EEO counselor specifically; and

13) All notes, emails, text messages, files, folders and other records (whether stored as hard copies or electronically) relating to interview(s) with Mr. Moore, or statement(s) taken from or given by Mr. Moore concerning his alleged mishandling of EEO complaints for the time period since the filing of the six civil actions (*see* Doc. 10 at 5-6; *id.* at 6 n.4) against Defendant to the present.[2]

### B. Protective Motion

Having determined that the deposition of Mr. Moore should go forward before his retirement takes effect, the court now addresses the Attorney General's request for alternative relief in the form of an order limiting the scope of his deposition. In the

---

[2] To the extent that the Attorney General contends that any documents within these categories are protected by a privilege, then he is **ORDERED** to file, no later than January 31, 2012, a privilege log which separately identifies each item withheld and discloses the particular privilege(s) upon which he reasonably relies for such non-production.

Protective Motion, the Attorney General suggests that Ms. Wallace's EEO complaint is limited in scope to gender discrimination and does not encompass retaliation. The court has studied the administrative file and notes that in filling out her "Complaint of Discrimination" Ms. Wallace marked the "Reprisal" box in addition to "Sex" and "Female". (Doc. 10-3 at 18).

Moreover, the Attorney General makes no mention, much less conducts an analysis of the potential application of the so-called *Gupta* rule to Ms. Wallace's case. *See Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 762 (11th Cir. 1995) ("In *Gupta*, the court held that there is no need to file a subsequent EEOC charge involving a retaliation claim where the claim 'grows out of an administrative charge that is properly before the court,' because the court has ancillary jurisdiction over the claims."). Instead, the Attorney General prematurely asks this court to prejudge the viability of Ms. Wallace's retaliation claim and, concomitantly, the relevance of Mr. Moore as a key witness in her case, in the context of a discovery dispute <u>and</u> in the absence of a pending motion (supported with legal authority) seeking the dismissal of the purportedly deficient claim. In sum, for both procedural and substantive reasons, the court is not persuaded to limit the scope of Mr. Moore's deposition.

**IV.   Conclusion**

Accordingly, for all the reasons explained above, Ms. Wallace's Motion to

Preserve is **GRANTED** as modified herein, and the Attorney General's Protective Motion is **DENIED**. Relatedly, the hearing scheduled for January 25, 2012, at 1:00 p.m. is **HEREBY CANCELLED**.

    **DONE** and **ORDERED** this the 24th day of January, 2012.

                                          **VIRGINIA EMERSON HOPKINS**
                                          United States District Judge